### SAN ANTONIO DRUG CO. v. SCALES.
### No. 8318.

Court of Civil Appeals of Texas. San Antonio.
Jan. 15, 1930.
Rehearing Denied March 5, 1930.

Jno. K. Weber and C. O. Wolfe, both of San Antonio, for appellant.

McFarland & Young, of San Antonio, for appellee.

SMITH, J.

At the time the matters in controversy transpired, C. P. Scales owned two distinct drug businesses in Del Rio, which he operated under the trade-names of Central Pharmacy and Phinn Drug Company, respectively, under the agency and managership of P. W. Townsend.

On May 16, 1929, the San Antonio Drug Company a wholesale dealer in drugs and drug store fixtures received, accepted and filled the following order for drug store fixtures from the "Phinn Drug Company":

"Fixture Order

"San Antonio Drug Company
   "San Antonio, Texas
   "Name: Phinn Drug Co.
   "Address: Del Rio, Texas
   "Shipping Instructions: F. O. B. Del Rio

"We agree to pay for this and subsequent orders at San Antonio, and interest thereon from date of shipment, at the rate of eight per cent per annum."

(Here follows list of articles ordered.)

"Ship the above order subject to the Terms and Conditions on reverse side of this sheet which the undersigned agrees to as part of this contract.
                     "Phinn Drug Co.
                        "P. W. Townsend.
                            "Del Rio, Texas."

"Terms: 10%—170.00 cash. Bal. 12 notes for $127.50 each."

At other times the San Antonio Drug Company sold and shipped certain goods (the nature of which is not disclosed in the record, but presumably drugs) to the "Central Pharmacy," upon open account, and thereafter brought this suit in Bexar county, against Scales as the sole owner of said pharmacy, for the amount of said account. Scales, conceded to be a resident of Val Verde county, filed a plea of privilege to be sued in said county, whereupon the plaintiff drug company filed its controverting plea, alleging that the goods in controversy were sold to Scales under and by virtue of the provisions of the written agreement of the Phinn Drug Company, in which it was stipulated that payment of purchases thereunder were to be made in Bexar county; that by reason of that agreement Scales had contracted in writing to pay the open account thereafter purchased and here sued on, in Bexar county. The trial court sustained the plea of privilege, and ordered the cause transferred to Val Verde county. The San Antonio Drug Company, plaintiff below, has appealed.

The appeal presents the question of whether or not the stipulations in the written order for fixtures for Scales' business operated as the Phinn Drug Company may be extended to open accounts subsequently incurred in behalf of Scales' business operated as the Central Pharmacy. The two concerns were operated separately, under different trade-names and at different locations, but both were owned by Scales and operated by Scales' agent and manager, Townsend.

The fixtures covered by the original order were purchased by and sold to "Phinn Drug Company," upon a written order in which it was stipulated that the purchaser should "pay for this and subsequent orders at San Antonio, and interest thereon from date of shipment, at the rate of 8% per annum." The order was signed, simply, "Phinn Drug Co., P. W. Townsend." On the other hand, this suit is to recover upon an open account subsequently sold to "Central Pharmacy," and without express reference to the prior written contract with the Phinn Drug Company.

It is contended by appellant that the stipulation in the written order for fixtures for the Phinn Drug Store, requiring the purchaser to pay for that "and subsequent orders at San Antonio," extended to and bound Scales upon all subsequent purchases made on open account in behalf of the Central store, and, particularly, that it bound him to pay the open account thereafter incurred for the Central store, and here sued on, at San Antonio.

We are of the opinion that it was not intended, by the exception in the venue statute relied upon by appellant, that the citizen may be deprived of his valuable right to be sued at his own domicile by such a far-fetched implication as that insisted upon by appellant. The transaction covered by the written order was for fixtures, upon which the seller reserved a lien in an instrument constituting an inseparable part of that order, whereas this suit was upon an open account covering sales of drugs through a different period; the fixtures were for a drug store operated separately under a distinct name at one location in Del Rio, whereas, the open account was for drugs sold for a different store, operated under a different name, at another location in Del Rio. The original sale was covered by the express written agreement and lien; whereas the debt sued on was concededly upon open account, wholly disconnected from the former transaction. We think that if the parties had intended that the stipulations governing the original sale of fixtures for the

⟨Phinn store should apply to and govern all future sales of every character for the Central store, they would have expressed that intention more specifically and clearly than by the implication sought to be enforced in this suit.

The judgment is affirmed.

## On Motion for Rehearing.

Both the Phinn store and the Central store were owned and operated solely by Scales, under the separate trade-names. The use of distinct trade-names does not affect Scales' exclusive liability for debts incurred in the operation of both stores. The use of the trade-names is of no significance in testing that liability. The contract under which appellant asserts a right to bring suit in Bexar county is the contract of Scales. In that contract he agreed to pay appellant, in Bexar county, not only for the articles therein specifically described, but for "subsequent orders," as well. But it was a contract to pay for specific fixtures to be installed in the Phinn drug store, owned and operated by Scales. There was no express reference in the contract to any other drug store or other business owned by him, or to current or subsequent purchases of drugs or other goods in the operation of either the Central store, or other businesses operated by him at Del Rio or elsewhere. Such reference may be inferred only by implication from express language in the contract. Such an implication is not a necessary incident to the language used, but rather puts a strain thereon. The courts will not deduce unnecessary inferences from written contracts in order to bring the citizen under the exceptions to the venue statute, and deprive him of his natural and statutory right to be sued in his own domicile—a valuable right not to be lightly denied him. We say this much more in deference to the able and earnest motion for rehearing presented by counsel for appellant.

The motion must be overruled.